IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARCUS D. EVANS,**                                                                                          **PLAINTIFF**
ADC #109369

v.                                          Case No. 4:20-cv-00173 KGB

**LORNETTA SMITH, Sergeant;**
**TELICIA MOTHERSHED, Sergeant;**
**and M. TAYLOR, Corporal,**
**Varner Unit, ADC**                                                                                          **DEFENDANTS**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Benecia B. Moore (Dkt. No. 104). Plaintiff Marcus D. Evans filed objections (Dkt. No. 105). After careful consideration of the Recommended Disposition, Mr. Evans's objections, and a *de novo* review of the record, the Court declines to adopt the Recommended Disposition and refers the case back to Judge Moore for further proceedings consistent with this Court's ruling (Dkt. No. 104).

    **I.**    **Background**

Mr. Evans filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that on April 9, 2019, Arkansas Division of Correction defendants Lorenetta Smith, Telicia Mothershed, and Marquis Taylor ("ADC Defendants") left him leg restraints for 18 hours causing him injury (Dkt. Nos. 2, at 2-6; 25, at 6-12). Mr. Evans asserts that the ADC Defendants were motivated to leave him in leg restraints because of several previous verbal altercations between the ADC Defendants and him and that, during these verbal altercations, the ADC Defendants had threatened to harm Mr. Evans (Dkt. Nos. 2, at 3; 25, at 7). Further, Mr. Evans maintains that, after being escorted back to his cell, he asked separate defendants Ms. Smith and Mr. Taylor to remove the leg restraints, that

Ms. Smith and Mr. Taylor refused, that Mr. Taylor and Mr. Evans got into an argument, and that Mr. Taylor told Mr. Evans to just stay in the leg restraints (Dkt. No. 103, ¶ 19). Mr. Evans also maintains that he asked separate defendant Ms. Mothershed to remove the leg restraints twice but that she also refused twice (Dkt. No. 103, ¶¶ 20, 48).

On October 30, 2023, the ADC Defendants filed a motion for summary judgment seeking judgment in their favor on Mr. Evans's excessive force claim, asserting qualified immunity (Dkt. No. 98). According to the ADC Defendants, they did not use excessive force against Mr. Evans and did not violate clearly established law (Dkt. No. 100, at 7–12). Mr. Evans filed a response to the motion for summary judgment (Dkt. No. 102). Mr. Evans argues that there are material disputes of fact as to whether the ADC Defendants left the leg restraints on in "a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm" (Dkt. No. 102, at 6 (citing *Hudson v. McMillan*, 503 U.S. 1, 6–7 (1992)). Judge Moore issued a Recommended Disposition recommending that the Court grant summary judgment and dismiss Mr. Evans's individual capacity excessive force claim against the ADC Defendants based on qualified immunity (Dkt. No. 104). For the following reasons, the Court declines to adopt Judge Moore's Recommended Disposition based on the Court's *de novo* review of the record as a whole.

**II.    Analysis**

When reviewing a case on summary judgment, this Court must review the record in the light most favorable to Mr. Evans, the non-moving party. As the Eighth Circuit has stated, "[i]n a case like this one, where the 'opposing parties tell two different stories,' we 'evaluate the evidence using the plaintiff-friendly version of the facts.'" *Morgan-Tyra v. City of St. Louis,* 89 F.4th 1082, 1085 (8th Cir. 2024) (internal citations omitted). To determine whether a defendant is entitled to qualified immunity, the Court considers: (1) whether the facts alleged by plaintiff establish a

violation of a constitutional or statutory right, and (2) if so, whether that right was clearly established at the time of defendant's alleged misconduct. *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015). In order to determine whether the ADC Defendants' actions violated Mr. Evans's Eighth Amendment right to be free from excessive force, the Court must determine whether the ADC Defendants left the leg restraints on Mr. Evans in "a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

In her Recommended Disposition, Judge Moore acknowledges that the parties do not dispute that there was no "penological need to keep [Mr.] Evans in leg restraints for fifteen hours while he was secure in his one-man cell." (Dkt. No. 104, at 6). Thus, the question before the Court is whether the ADC Defendants "maliciously and sadistically" left the leg restraints on Mr. Evans in order to cause him harm. On this question, Judge Moore acknowledges "[t]there are material factual disputes regarding this issue." (Dkt. No. 104, at 6). Mr. Evans testified at his deposition and stated in his verified complaint that the ADC Defendants had previously threatened to cause him harm, and, when he asked them to remove the restraints, they refused (Dkt. No. 2, ¶¶ 10, 16, 18, 23; 87-1, at 9-10). Mr. Evans contends based on evidence in the record before the Court that the ADC Defendants subjected him to 15 hours of restraints after having "heated" arguments with Mr. Evans and making threats to harm him (Dkt. No. 2, at 3; Dkt. No. 87-1, at 9). Judge Moore determines that a reasonable jury could conclude, based on the evidence taken in the light most favorable to Mr. Evans, that the ADC Defendants "maliciously and sadistically" left Mr. Evans in leg restraints to cause harm (Dkt. No. 104, at 7).

Mr. Evans objects to Judge Moore's analysis of the second prong of the qualified immunity inquiry in which Judge Moore discusses whether the constitutional right at issue was clearly

3

established.  In the Recommended Disposition, Judge Moore discusses three cases and finds factual differences between those cases and Mr. Evans's case, mostly related to the discomfort caused by the restraints involved in those cases (Dkt. No. 105, at 2–-3).  In his objections, Mr. Evans contends that Judge Moore's reading of the cases is too narrow (*Id.*).  The Court agrees.

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, see *Mitchell* [v. *Forsyth,* 472 U.S. 511,] 535, n. 12 [(1985)]; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, (1987)).

What the cases discussed by Judge Moore in the Recommended Disposition establish is that the law was clearly established that prolonged restraints without penological justification can be excessive force.  *See Hope v. Pelzer*, 536 U.S. 730, 741 (2002) (determining that handcuffing inmate to a hitching post after he had expressed a willingness to return to work was a violation "so obvious that our own Eighth Amendment cases gave respondents fair warning that their conduct violated the Constitution."); *Jackson v. Gutzmer*, 866 F.3d 969, 977 (8th Cir. 2017) (reversing the denial of qualified immunity after concluding that restraining inmate on restraint board for up to four hours was use of force but determining that this is "not a case where a complete absence of penological purpose raised the reasonable inference that [Lt. Gutzmer] acted maliciously in an effort to cause harm." (quoting *Burns v. Eaton*, 752 F.3d 1136, 1140 (8th Cir. 2014)); *Walker v. Bowersox*, 526 F.3d 1186, 1188 (8th Cir. 2008) (determining there were "trialworthy issues" as to whether restraining inmate on bench for 24 hours, who had submitted to recuffing "removing any need for force," was an excessive and disproportionate use of force, amounting to cruel and

unusual punishment). The Court accepts the facts as alleged by Mr. Evans to resolve the ADC Defendants' motion at this stage. There appears to the Court to be sufficient case law to have put the ADC Defendants on notice that leaving an inmate in restraints for 15 hours or more after heated arguments between the ADC Defendants and the inmate resulting in threats of harm to the inmate by the ADC Defendants when there is no penological need for restraint could violate the Eighth Amendment.

Judge Moore appears to conclude in the Recommended Disposition that Mr. Evans's injuries are insufficient to be "such an obvious 'malicious and sadistic' infliction of pain to negate the need for 'a body of relevant case law.'" (Dkt. No. 104, at 10). However, assessing the facts in the light most favorable to Mr. Evans, Mr. Evans told nurses when the leg restraints were removed that the pain to his lower extremities was a "10 out of 10." (Dkt. No. 87-5, at 60). Nurses prescribed him Naproxen, 220 mg, to be taken twice-a-day for five days for pain relief (*Id.*). Mr. Evans also testified that he was in pain for approximately 11 days following the injury and had continued numbness in his ankle and leg (Dkt. No. 87-1, at 9). On the record before the Court, accepting the facts as alleged by Mr. Evans as true and construing all facts in the light most favorable to Mr. Evans, there are sufficient facts to establish that Mr. Evans's injuries are more than *de minimis*.

### III. Conclusion

The Court declines to adopt the Recommended Disposition (Dkt. No. 104). Defendants' motion for summary judgment is denied (Dkt. No. 98). Mr. Evans may move forward with his individual capacity excessive force claims against the ADC Defendants.

It is so ordered this 31st day of March, 2024.

                                                    Kristine G. Baker  
                                                    Chief United States District Judge